UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | EDCV 16-138 DSF (KKx) | Date | 5/11/16 |
|---|---|---|---|
| Title | Albert Torres, etc. v. James Hardie Building Products, Inc. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge | |
|---|---|---|
| Debra Plato | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (In Chambers) Order to Show Cause re Class Counsel

Although adequacy of counsel is ordinarily determined at a later stage of the proceedings, it appears an early preliminary determination of whether Plaintiff's counsel are likely to be found adequate would serve the interests of the putative class and of judicial economy. In appointing class counsel, the Court:
> (A) must consider:
>> (i) the work counsel has done in identifying or investigating potential claims in the action;
>> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>> (iii) counsel's knowledge of the applicable law; and
>> (iv) the resources that counsel will commit to representing the class;
>
> (B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;
>
> (C) may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs.

Fed.R.Civ.P. 23(g)(1).

Ms. Romina Keshishyan appeared at the Scheduling Conference in this matter and represented that she would be "lead counsel." (At first, she represented that all three

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

attorneys whose names appeared on the pleadings were lead counsel.)  In response, the Court required that Edwin Aiwazian provide a declaration describing what Ms. Keshishyan would be doing and why he sent her to represent to the Court that she was lead counsel.  Mr. Aiwazian's declaration, filed April 8, stated that he had assigned Ms. Keshishyan to handle the day-to-day litigation, including discovery, communications with Plaintiff and other percipient witnesses, strategy, the contemplated mtoiton for class certification, and ultimately trial.  He asserted that Ms. Keshishyan is "the lead lawyer from Lawyers *for* Justice, PC for all purposes and has full and complete authority for all aspects of the case."  He and other members of the firm will, however, "consult" with her.

According to the California State Bar website, Ms. Keshishyan was admitted to the California Bar in June 2015.  Assuming Ms. Keshishyan was not previously a member of the bar of some other state and has only been practicing law for less than a year, it should go without saying that she is not adequate to be lead counsel responsible for all aspects of this case, including trial.  Unless she has years of experience of which the Court is unaware, she will not be designated class counsel in this matter.  That Mr. Aiwazian has tremendous trust in her abilities as a lawyer and believes she demonstrates experience well beyond her years gives the Court no comfort.  His trust may be well-founded, but that does not justify delegating primary responsibility for a class action to someone with so little experience.

Mr. Torres is, of course, entitled to retain any counsel he wants to represent him personally.  However, his apparent agreement to allow Ms. Keshishyan to act as lead counsel (assuming he was even consulted) causes the Court concern about his ability to act as a class representative.  Moreover, Mr. Aiwazian's decision to have Ms. Keshishyan act as lead counsel for a class causes the Court concern about the ability of his firm to properly staff this case, and other matters.

Therefore, Plaintiff's counsel are ordered to show cause why they would be adequate counsel to represent the class if a class were certified.

A written response must be submitted no later than June 6, 2016.  The response should provide full and complete information responsive to Rule 23(g)(1)(A) and (B), and be sufficient for the Court to make an informed decision.  Among other things, counsel must:

    1. Identify (by court, case name, case number, etc.) all putative class actions filed by any law firm and any individual attorney seeking to be named as class counsel in any court, and state whether a class was certified, and, if so, whether the firm or attorney was named as class counsel (if there are more than 20 for any individual or firm, describe the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

most recent 20);

 2. Describe the trial experience of each individual attorney seeking to be named as class counsel;

 3. Describe the experience of each individual attorney seeking to be named as class counsel in the types of claims asserted in this action;

 4. Identify (by court, case name, case number, etc.) all cases in which the court found any law firm or any individual attorney seeking to be named here as class counsel not to be adequate to represent a class or otherwise declined to grant counsel's request to be appointed, and specify the reasons given by the court (or provide a copy of the opinion or decision);

 5. Identify (by court, case name, case number, etc.) all cases (not limited to class actions or putative class actions) or circumstances in which the professional conduct or professional ethics (including billing practices) of any law firm or any individual attorney seeking here to be named as class counsel have been the subject of any written inquiry by any court, administrative agency, or bar association, and provide the complete facts and disposition of the matter;

 6. Identify (by court, case name, case number, etc.) all cases (not limited to class actions or putative class actions) in which any law firm or any individual attorney seeking to be named here as class counsel has been admonished or sanctioned by any court or agency and provide the complete facts and disposition of the matter;

 7. Identify (by court, case name, case number, etc.) all cases (not limited to class actions or putative class actions) in which any counsel or any law firm representing Plaintiff has previously represented, or is currently representing, Plaintiff;

 8. Provide any agreement relating to this action with any person or entity other than Plaintiff;

 9. Provide counsel's proposal for terms for attorney's fees and nontaxable costs; and

 10. Describe how counsel intends to staff this case and the means by which counsel will fund the necessary costs, including expert's fees.  (The latter information may be filed in camera and under seal.)

See Rule 23(g)(1)(C)

 The Court requires that each attorney and firm seeking here to be named as class counsel answer separately (but not necessarily in a separate document).  In addition, counsel must provide all information responsive to items 4, 5, and 6 regarding any applicable case or circumstance involving a former law firm, but based on the conduct of the individual attorney seeking here to be named as class counsel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

IT IS SO ORDERED.